In re ROUKOUS.

(District Court, D. Rhode Island.    March 16, 1904.)

No. 326.

**1. BANKRUPTCY—PETITION TO SET ASIDE COMPOSITION—EFFECT OF ACTION AT LAW AGAINST BANKRUPT.**

That a creditor has commenced an action at law against a bankrupt will not prevent his also maintaining a petition under section 13 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427]) to set aside a composition for fraud.

In Bankruptcy.    On motion to dismiss petition of Lewis E. Harrower to set aside composition.

John F. Byrne, for petitioner.

Van Slyck & Mumford, Charles C. Mumford, and J. Jerome Hahn, for bankrupt.

(District Court, D. Rhode Island.    March 16, 1904.)

No. 326.

**1. BANKRUPTCY—PETITION TO SET ASIDE COMPOSITION—VERIFICATION.**

Where the principal allegations of a petition to set aside a composition are made on information and belief, a verification by an agent of the petitioner, who is not shown to have any personal knowledge of the facts, is insufficient.

In Bankruptcy. On demurrer to petition of Converse, Stanton & Co. to set aside composition.

John F. Byrne, for petitioner.
Van Slyck & Mumford, Charles C. Mumford, and J. Jerome Hahn, for bankrupt.

BROWN, District Judge. The opinion handed down this day on the demurrer to the petition of Lewis E. Harrower disposes of all substantial questions in this case, except the question of the sufficiency of the verification, which in the present case was not made by a party, but by an agent. As the principal allegations of the petition are upon information and belief, and as it does not appear that the affiant has any personal knowledge of the facts, the verification is insufficient. The information and belief of one who is not a party, and who has no knowledge of his own, is immaterial.

Demurrer to petition sustained on the ground of a lack of proper verification.